UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------------------

UNA MCGEOUGH

Plaintiff,

-against-

Jury Trial Demand

Complaint

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau;
GEORGE W. ANDERSON, Deputy Chief, Executive Officer,
Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief,
Employee Relations Section; CHARLES MICHAEL MARTINEZ,
Deputy Chief Surgeon, Medical Division; JACQUELINE
MC CARTHY, Retired Lieutenant, Counseling Services Unit;
DANIEL SWEENEY, Sergeant, Counseling Services Unit;
SUZANNE GIMBLET, Detective, Counseling Services Unit;
VIVIAN MURPHY, Counseling Services Unit; PETER
HAMMER, Sergeant, Manhattan Warrants Division; JOHN
SULLIVAN, Detective, Manhattan Warrants Division; JOHN
ROMANO, Detective, Manhattan Warrants Division, each being
sued individually and in their official capacities as employees of the
Police Department City of New York; and LONG ISLAND CENTER
FOR RECOVERY aka LICR and its agents.

Defendants.

------------------------------------------------------------------X

The plaintiff UNA MCGEOUGH, by her attorneys, Jeffrey L. Goldberg, P.C., as and for her

complaint against defendants THE CITY OF NEW YORK; RAYMOND W. KELLY; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO and LICR,

respectfully set forth and allege that:

1

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff UNA MCGEOUGH, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of her civil and constitutional rights as a result of the defendants racketeering activities, gender and disability discrimination.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in her business or property by reason of a violation of section 1962, may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

(d)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the

basis of gender;

(e) Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

(f) the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(g) the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(h) the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(i) the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3. The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; and New York City Administrative Code § 14-115; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to

try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a female citizen of the United States of America and is over twenty-one

(21) years of age, a resident of the county of New York and is an employee of defendant THE CITY

OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department

City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation

defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under

and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer,

with its central offices in the county of New York, and diverse other offices and facilities

throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. §

12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting

commerce.

8.      RAYMOND W. KELLY, Police Commissioner; RAFAEL PINIERO, Chief,

Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel

Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES

MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; JACQUELINE MC

CARTHY, Retired Lieutenant, Counseling Services Unit; DANIEL SWEENEY, Sergeant,

Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit;

VIVIAN MURPHY, Counseling Services Unit; PETER HAMMER, Sergeant, Manhattan

Warrants Division; JOHN SULLIVAN, Detective, Manhattan Warrants Division; JOHN

ROMANO, Detective, Manhattan Warrants Division, each being sued individually and in their

official capacities as employees of the Police Department City of New York.

      9.     Defendant LONG ISLAND CENTER FOR RECOVERY and its agents

(hereinafter referred to collectively as LICR) is formed in accordance with the laws of New York.

LICR located in Suffolk County, New York, provides inpatient and outpatient alcohol and chemical

dependency treatment programs to employees of defendant CITY.

## PROCEDURAL REQUIREMENTS

      10.    Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

      11.    Plaintiff is not required to exhaust any administrative procedures prior to suit under

the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil

Rights Act of 1871 or the United States Constitution.

      12.    On or about July 24, 2006, plaintiff sought assistance from the United States

Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

      13.    On or about October 2, 2006, plaintiff received a Dismissal and Notice of Right to

Sue from the EEOC.

## BACKGROUND

      14.    Plaintiff is a police officer who is currently employed by defendant CITY, more

specifically the NYPD, and has either been diagnosed with suffering from or regarded as

suffering from chronic alcohol dependency.

      15.    Plaintiff is a Caucasian female Sergeant for the NYPD.

      16.    Plaintiff commenced employment with the NYPD in or around April 1997.

17.    In or around February 2001, plaintiff was assigned to the Warrants Squad in Manhattan and worked in that division for approximately four years.

18.    In or around 2004, plaintiff managed finances for the Club account.

19.    In or around 2005, Detective John Sullivan and Detective John Romano came on board to assist plaintiff with her Club account responsibilities.

20.    Shortly thereafter, plaintiff resigned from Club her duties and commenced the process of turning over control of Club finances to Detectives Sullivan and Romano, which included closing the Club Bank Account held in plaintiff's name and containing plaintiff's social security number.

21.    While conducting an accounting of Club finances, it was discovered that $4,000 was missing from the account.  Further investigation revealed that the discrepancy was due to a third party vendor failing to cash a check.

22.    Detectives Sullivan and Romano ignored that the financial discrepancy was resolved and accused plaintiff of stealing funds from the Club Bank account.

23.    Shortly thereafter, plaintiff was subjected to sexual harassment and a hostile work environment created by Detectives Sullivan and Romano.

24.    On numerous occasions, plaintiff would report to work in the morning and find her work desk in disarray, even though she would leave her desk tidy at the end of her previous work day.

25.    On numerous occasions, plaintiff would find lewd messages written on her desk that were created with newspaper cut-outs.

26.    On numerous occasions, plaintiff would report to work, open her desk drawers and find photographs of male genitals.

27.    On numerous occasions, plaintiff would report to work, find that her desk decorations, consisting of farm animals, were positioned to simulate sexual acts.

28.    On one occasion, plaintiff found her bullet proof vest in the floor by her desk with marks on it, as if someone had step on it or rolled over it with a desk chair.

29.    In or around January 2005, plaintiff complained to her supervisor, Sgt. Irene Iovy, regarding the hostile work environment and sexual harassment she was experiencing at the hands of Detectives Sullivan and Romano.

30.    Upon information and belief, Sgt. Iovy investigated plaintiff's claims and interviewed Detectives Sullivan and Romano regarding the alleged misconduct. Detectives Sullivan and Romano readily admitted that they were responsible for the unlawful conduct described in paragraphs 23 - 28.

31.    Upon information and belief, Sgt. Iovy consulted Sergeant Peter Hammer, a Caucasian male who supervised a different group in the Manhattan Warrants Division, about effectuating plaintiff's transfer to his group. Sgt. Hammer agreed to allow plaintiff into his Warrants Division group only as a favor to Sgt. Iovy.

32.    Shortly thereafter, plaintiff was transferred to the Sgt. Hammer's group within the Manhattan Warrants Division. Plaintiff was the only female working with five males.

33.    During plaintiff's time in Sgt. Hammer's group, plaintiff also encountered a hostile work environment against women. Specifically, plaintiff's male colleagues would refuse to partner up with her to go out and serve warrants. As a result, plaintiff was always forced to partner up with Sgt. Hammer.

34.    In or around February 2005, plaintiff complained to Sgt. Hammer regarding the hostile work environment she was experiencing.

35.    In or around Fall 2004, plaintiff's mother had been diagnosed with breast cancer. Although plaintiff was already emotionally distressed due to her mother's illness, her emotional distress was exacerbated by the continued sexual harassment and hostile work environment she was experienced at the Manhattan Warrants Division during 2004 and 2005.

36.    Shortly thereafter, Sergeant Iovy, Sergeant Buscell and other higher-ranked individuals within the NYPD approached plaintiff and recommended that she seek psychological counseling and psychiatric medication.

37.    In or around December 2005, plaintiff began to prepare paperwork in order to request a transfer out of the Warrants Division due to the fact that she could no longer work within the hostile work environment.

38.    In or around January 2006, plaintiff called into the NYPD sick desk and requested to take an emergency sick day because she did not wish to come into work to deal with the hostile work environment and sexual harassment.

39.    Shortly thereafter, Sergeant Iovy came to plaintiff's residence and spoke to her regarding obtaining psychiatric assistance and gave her a telephone number for a psychologist.

40.    On or about April 8, 2005 at approximately 4:30 a.m., plaintiff came into work and Sgt. Hammer ordered her to go into the ladies locker room and wait for further instructions. Sgt. Hammer also requested plaintiff's office keys, badge and ID card.

41.    Plaintiff waited in the ladies locker room for three to four hours.

42.    Upon information and belief, Sergeant Hammer was waiting for a union delegate that was his close friend to come into work. Upon information and belief, Sergeant wanted this union delegate to refer plaintiff to the NYPD Counseling Services Unit.

43.    Upon information and belief, Sergeant Hammer waited for ****** because he did

not want to face any resistance or conflict from Detective James Zicarri, the union delegate that was working when plaintiff came into work.  Upon information and belief, Detective Zicarri was a close friend to plaintiff.

44.     Shortly thereafter, plaintiff met with Vivian Murphy, John Mazzella, and Daniel Sweeney at the Counseling Services Unit

45.     During the meeting, plaintiff was told that she "[stunk] of alcohol."  Additionally, the members of the Counseling Services Unit requested plaintiff's permission to contact members of her family and friends.  Plaintiff did not consent to give authorization to the Counseling Services Unit.

46.     During the meeting, plaintiff was also told that she had a "drinking problem," referring to alcohol abuse.  Plaintiff inquired as to how the Counseling Services Unit came to this conclusion.  Plaintiff was informed that the conclusion was based on her non-cooperation with regard to granting consent for the Counseling Services Unit to contact family and friends.  Plaintiff was informed that Sergeant Hammer believed that she had an alcohol abuse problem.

47.     Plaintiff was presented with an ultimatum: either enter into an inpatient alcohol rehabilitation program or face suspension without pay or benefits.

48.     Plaintiff consulted Detective Zicarri, for advice.  Detective Zicarri stated that plaintiff should consent to the rehabilitation.

49.     Based on Detective Zicarri's advice, plaintiff consented to enter into inpatient alcohol rehabilitation.

50.     Plaintiff was escorted by ****** back to her residence in order to pack some belongings.

51.     On or about April 8, 2005, plaintiff was admitted into LICR for inpatient alcohol

rehabilitation.

52.    During plaintiff's stay at LICR, she was informed on numerous occasions by medical personnel that she did not have problems with alcohol abuse.

53.    Plaintiff remained at LICR for 28 days.

54.    On or about May 6, 2005, plaintiff completed for inpatient alcohol rehabilitation at LICR and was released.

55.    On or about May 7, 2005, plaintiff returned to work and remained on modified duty.  Plaintiff did not have her service weapon or her NYPD badge.

56.    During plaintiff's time on modified duty status, she was required to attend Alcoholics Anonymous meetings, meetings at the Counseling Services Unit and was required to also commence psychiatric treatment under care of a therapist.

57.    Upon return to work, Daniel Sweeney said to plaintiff that it would not be advisable to inform her family and friends of her stay at LICR because since she was a "beautiful girl," her family and friends would not believe that she was an alcoholic.

58.    In or around July 21, 2005, plaintiff was upgraded to full duty status.

59.    In or around December 2005, plaintiff was promoted to Sergeant.

60.    Shortly thereafter, plaintiff began to take training courses in preparation for taking on duties as a Sergeant.

61.    Plaintiff was notified that was she was required to attend a Counseling Services Unit Christmas Party which was scheduled on the same date as one of plaintiff's Sergeant training courses.  Plaintiff ultimately had to forfeit attendance to one of her Sergeant training courses and attend the Counseling Services Unit Christmas Party.

62.    Shortly thereafter, during one of plaintiff's Sergeant training courses, members of

the Counseling Services Unit came in and spoke to the class.  They also mentioned that they were successful at "taking care of people" and that "someone here completed the program successfully."

63.    In or around June 2006, plaintiff was drafted in the Internal Affairs Bureau.

64.    On or about December 12, 2006, plaintiff received notification from Sgt. Sweeney that she was required to attend this year's Counseling Services Unit Christmas Party.

65.    Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as  an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

66.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY has violated her civil rights as well as other similarly situated employees regarded as disabled employees due to chronic alcohol dependency although there were no changes in their level of job performance.

67.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN

MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination.  Defendants CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and  VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

68.     Plaintiff alleges that from April 8, 2005, until  this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel.  Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

12

69.    Plaintiff alleges that from April 8, 2005,defendants RAYMOND W. KELLY;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES

MICHAEL MARTINEZ improperly and without legal excuse allowed defendants

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN

MURPHY as well as other members of the Medical Division, Employee Relations Section and

the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into

waiving their informed consent rights under the threat of suspension and/or termination to make

their own medical decisions for any treatment.

70.    Plaintiff alleges that from April 8, 2005, until  this day, that she and other

similarly situated employees were forced to attend inpatient residential and outpatient treatment

programs such as defendant LICR when defendants RAYMOND W. KELLY; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

and VIVIAN MURPHY as well as other members of the Counseling Services Unit knew that

they could not be medically and/or ethically treated because they did not meet the criteria of

chronic alcohol dependency and/or because of sustained remission.  Plaintiff further alleges that

defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and

VIVIAN MURPHY as well as other members of the Counseling Services Unit would use their

positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not

for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police

Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or

directly to the plaintiff.  The billing method depended on whether or not the insurance carrier

denied the claim.  Upon information and belief defendant LICR knew or should have known that

the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

71.     Plaintiff alleges that from September 2003, until March 2005, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET, continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendant LICR.

72.     Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR without medical necessity. Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of

generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

73.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

74.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs. Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse. Plaintiff alleges that such referrals were solely for the financial benefit of defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit; and LICR. Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain. Additionally, as part of defendant

JACQUELINE MC CARTHY'S financial kickback, she is now employed by the Long Island Center for Recovery (hereinafter referred to as LICR) as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1). The LICR is a named defendant in related lawsuits.

75.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

76.    Plaintiff alleges that from April 8, 2005, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

77.    On or about April 8, 2005, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis

and Random Home Visits.   Defendants CITY; RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN

MURPHY continues to utilize the services of defendant LICR who act in collusion to continue

this violative pattern and practice of discrimination.

78.     Plaintiff alleges that on or about April 8, 2005, she was forced to join defendant

LICR under the threat of suspension and/or termination by agents of the Counseling Services

Unit.  Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged

in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of

services, bundling and unbundling of services, and forced time in isolation for detoxification.

Plaintiff further alleges that such activities were solely for the purpose of generating fees and

revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as

Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty

Management Group, defendant CITY and/or the plaintiff.

79.     Based on the foregoing, plaintiff feels that her rights were and are being violated

by defendants CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and LICR.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

80.     Plaintiff re-alleges paragraphs 1 through 79 and incorporates them by reference as

paragraphs 1 through 79 of Count I of this Complaint.

81.    This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

82.    As set forth above, in violation of 18 U.S.C. § 1962(d), defendants

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN

MURPHY and LICR have conspired to violate 18 U.S.C. § 1962(c).

83.    As a direct and proximate result, plaintiff and other similarly situated employees

have been injured in their property by the predicate acts constituting a pattern of racketeering

activity.  Specifically, plaintiff and other similarly situated employees have been injured by,

among other things, numerous confinements against her will, loss of pension and opportunity

rights, legal fees to assert her rights, paying excessive premiums for insurance and other related

services than they would have in the absence of the conspiracy.

84.    Accordingly, defendants JACQUELINE MC CARTHY; DANIEL SWEENEY;

SUZANNE GIMBLET; VIVIAN MURPHY; and LICR are liable to the plaintiff for three times

her actual damages as proven at trial plus interest and attorney's fees.

### COUNT II
### RACKEETEERING ACTIVITY
### IN VIIOLATION OF
### THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT

85.    Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as

paragraphs 1 through 84 of Count II of this Complaint.

86.    This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of

18 U.S.C. § 1962(c).

87.    As set forth above, in violation of 18 U.S.C. § 1962(c), defendants JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and LICR

have conducted or participated in the conduct of the affairs of the Fraudulent Chemical

Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering

activity.

88.    As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants conduct.

89.    Accordingly, defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and LICR are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

### COUNT III
### INJUNCTIVE AND DECLARATORY RELIEF UNDER THE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

90.    Plaintiff re-alleges paragraphs 1 through 89 and incorporates them by reference as paragraphs 1 through 89 of Count III of this Complaint.

91.    This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

92.    As set forth in plaintiff's Count I and II and in this Amended Complaint, defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and LICR have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

93.    As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

94.    Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and

conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and

injunctive relief enjoining defendants JACQUELINE MC CARTHY; DANIEL SWEENEY;

SUZANNE GIMBLET; VIVIAN MURPHY; and LICR from further violations of 18 U.S.C. §§

1962(c) and (d).

**COUNT IV**
**AIDING AND ABETTING**
**BREACH OF FIDICUARY DUTY**

95.     Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as

paragraphs 1 through 94 of Count IV of this Complaint.

96.     As alleged above, a fiduciary relationship existed between plaintiff and

defendants CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY;

DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and LICR.

97.     Defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; VIVIAN MURPHY and LICR breached this duty by acting in their own pecuniary

interests and in disregard of the interests of the plaintiff as well as other similarly situated

employees as set forth above.

98.     Defendants CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and LICR

knowingly participated in that breach by, among other things, engaging in the fraudulent and

conspiratorial conduct described above.

99.     Plaintiff has suffered damages proximately caused by defendants CITY;

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and LICR's

breach.

100.    Accordingly, defendants are liable to the plaintiff for damages in an amount to be

proven at trial.

## COUNT V
## UNJUST ENRICHMENT

101.    Plaintiff re-alleges paragraphs 1 through 100 and incorporates them by reference

as paragraphs 1 through 100 of Count V of this Complaint.

102.    Defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE

GIMBLET; VIVIAN MURPHY and LICR have benefited from their unlawful acts of fraudulent

and unnecessary medical billings by receiving wired funds and/or gratuities across states lines

from insurance carriers, self insurers and not for profit organizations.  These payments have been

received by the defendants at the plaintiff's expense, under circumstances where it would be

inequitable for the defendants to be permitted to retain the benefit.

## COUNT VI
## GENDER DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

103.    Plaintiff re-alleges paragraphs 1 through 102 and incorporates them by reference

as paragraphs 1 through 102 of Count VI of this Complaint. Plaintiff alleges that defendant CITY

through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY;

DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN

SULLIVAN; JOHN ROMANO engaged in a pattern and practice of discrimination against her

with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

104.    As part of its pattern and practice of employment discrimination defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO treated plaintiff in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

105.    The failure of defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO to thoroughly investigate plaintiff's allegations of gender discrimination.

106.    Defendant CITY knew or should have known about RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO gender discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

107.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender discrimination in a clear demonstration of bad faith.

108.    That as a result of the discriminatory acts of defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO plaintiff suffered depression and anxiety.

109.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about 2004, until this day.

110.    As a result of the acts of defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VII**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

111.    Plaintiff re-alleges paragraphs 1 through 110 and incorporates them by reference as paragraphs 1 through 110 of Count VII of this Complaint.

112.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO engaged in various retaliatory actions against plaintiff as a result of her opposition to gender discrimination and as a result of her filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

113.    That as a result of the illegal acts of defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO, plaintiff suffered depression and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

114.    Plaintiff re-alleges paragraphs 1 through 113 and incorporates them by reference as paragraphs 1 through 113 of Count VIII of this Complaint.

115.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO engaged in various severe and hostile actions towards plaintiff as a result of her opposition to gender discrimination and as a result of her filing such complaints with the NYPD and the EEOC.

116.    That as a result of the severe and hostile acts of the defendant CITY through its

agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL

P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN

SULLIVAN; JOHN ROMANO plaintiff suffered depression, anxiety and loss of job

opportunities.

**COUNT IX**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

117.    Plaintiff re-alleges paragraphs 1 through 116 and incorporates them by reference

as paragraphs 1 through 116 of Count IX of this Complaint.

118.    At all relevant times, plaintiff has been regarded as a qualified individual with a

disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff is regarded by the

NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

119.    Defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN

MURPHY failure to treat plaintiff in a manner comparable to other similarly situated individuals

regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes

disability discrimination against plaintiff with respect to the terms, conditions, or privileges of

employment.

120.    Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

121.    Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference as paragraphs 1 through 120 of Count X of this Complaint.

122.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY engaged in various retaliatory actions against him as a result of her opposition to disability discrimination and as a result of him expressing her first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

123.    That as a result of the illegal retaliatory acts of defendant CITY through its agents RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

124.    Plaintiff re-alleges paragraphs 1 through 123 and incorporates them by reference as paragraphs 1 through 123 of Count XI of this Complaint.

125.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY;

RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY engaged in various severe and hostile actions towards him as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

126.    That as a result of the severe and hostile acts of defendant CITY through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; and SUZANNE GIMBLET plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

### COUNT XII
### GENDER DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

127.    Plaintiff re-alleges paragraphs 1 through 126 and incorporates them by reference as paragraphs 1 through 126 of Count XII of this Complaint.

128.    That by the aforesaid discriminatory acts and omissions of defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

129.    That the purpose of defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

130.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

131.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

132.    Plaintiff re-alleges paragraphs 1 through 131 and incorporates them by reference as paragraphs 1 through 131 of Count XIII of this Complaint.

133.    Plaintiff alleges that defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN

MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO engaged in various

retaliatory actions against him acting individually and in their capacities as supervisory and/or

administrative officials of defendant CITY as a result of her opposition to gender discrimination.

134.    That the purpose of defendants RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN

MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO  in so acting was to

prevent plaintiff, through economic and psychological intimidation, from seeking the equal

protection of the laws, and from enjoying the equal privileges and immunities of citizens under

the Constitution and laws of the United States and the State of New York.

135.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

136.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XIV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

137.    Plaintiff re-alleges paragraphs 1 through 136 and incorporates them by reference as

paragraphs 1 through 136 of Count XIV of this Complaint.

138.    Plaintiff alleges that defendants RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO engaged in various severe and hostile actions against him acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of her opposition to gender discrimination.

139.    That the purpose of defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

140.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

141.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XV**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY**

142.    Plaintiff re-alleges paragraphs 1 through 141 and incorporates them by reference as paragraphs 1 through 141 of Count XV of this Complaint.

143.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER

HAMMER; JOHN SULLIVAN; JOHN ROMANO under color of law, conspired with one

another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy

freedom of speech, movement, association and assembly, to petition her government for redress

of her grievances, to be secure in her person, to be free from unreasonable searches and seizures,

to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law.

144.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER

HAMMER; JOHN SULLIVAN; JOHN ROMANO acting individually and in their official

capacities as supervisory and/or administrative officers of defendant CITY under color of law,

and having been fully advised that plaintiff, an Caucasian female, was being deprived of her

pension and constitutional rights, either acted in a concerted, malicious intentional pattern to

further discriminate against plaintiff, or knowing such discrimination was taking place,

knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy

freedom of speech, movement, association and assembly, to petition her government for redress

of her grievances, to be secure in her person, to be free from unreasonable searches and seizures,

to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law, all in violation of 42 U.S.C. § 1983.

145.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER

HAMMER; JOHN SULLIVAN; JOHN ROMANO in acting to deprive plaintiff of her civil

rights, failed to thoroughly investigate her allegations of gender discrimination in the workplace.

146.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER

HAMMER; JOHN SULLIVAN; JOHN ROMANO in acting to deprive plaintiff's rights, acted

intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

147.    Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004,

until this day.

148.    As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

claims herein.

### COUNT XVI
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference

as paragraphs 1 through 148 of Count XVI of this Complaint.

150.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under

color of law, conspired with one another to deprive plaintiff of her pension and constitutional

rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

151.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

152.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

153.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

154.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about April 8, 2005, until this day.

155.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

156.    Plaintiff re-alleges paragraphs 1 through 155 and incorporates them by reference as paragraphs 1 through 155 of Count XVII of this Complaint.

157.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

158.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting

individually and in their official capacities as supervisory and/or administrative officers of

defendant CITY, under color of law, and having been fully advised that plaintiff was being

deprived of her pension and constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff, or knowing such discrimination was

taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her

rights to enjoy freedom of speech, movement, association and assembly, to petition her

government for redress of her grievances, to be secure in her person, to be free from

unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of

life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

159.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in

acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of

discriminatory conduct in the workplace.

160.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in

acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross

disregard of plaintiff's rights.

161.    Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004,

until this day.

162.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

163.    Plaintiff re-alleges paragraphs 1 through 162 and incorporates them by reference as paragraphs 1 through 162 of Count XVIII of this Complaint.

164.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

165.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious

intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

166.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

167.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

168.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004, until this day.

169.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIX
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

170.    Plaintiff re-alleges paragraphs 1 through 169 and incorporates them by reference as paragraphs 1 through 169 of Count XIX of this Complaint.

171.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

172.    That by the improper and illegal confinement of plaintiff at defendant LICR under the threat of suspension and/or termination by defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from

unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

173.    That by the improper and illegal confinement of plaintiff at defendant LICR acting in collusion with defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

174.    That the purpose of defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and LICR in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

175.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1983.

176.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of her civil rights.

## COUNT XX
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

177.    Plaintiff re-alleges paragraphs 1 through 176 and incorporates them by reference

as paragraphs 1 through 176 of Count XX of this Complaint.

178.    That by the aforesaid discriminatory acts and omissions of defendants

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN

SULLIVAN; JOHN ROMANO and LICR acting individually and in their official capacities as

supervisory and/or administrative officials of the CITY and/or independent contractor to

defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause

economic and psychological injury to plaintiff.

179.    That the purpose of the defendants in so acting was to prevent plaintiff from

obtaining the benefits to which he was entitled under the law and from seeking the equal

protection of the laws, and from enjoying the equal privileges and immunities of citizens under

the Constitution and laws of the United States and the State of New York including but not

limited to enjoy her right to freedom of speech, movement, association and assembly, to petition

her government for redress of her grievances, to be secure in her person, to be free from

unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of

life, liberty, and property without due process of law.

180.    Pursuant to their conspiracy, defendants RAYMOND W. KELLY; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN; JOHN ROMANO and LICR

acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of discrimination

and bad faith, all in violation of 42 U.S.C. § 1985 (3).

181.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff

suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XVIII
## FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

182.    Plaintiff re-alleges paragraphs 1 through 181 and incorporates them by reference

as paragraphs 1 through 181 of Count XVIII of this Complaint.

183.    The First Amendment of the Bill of Rights of the United States Constitution

makes it unlawful to prohibit the freedom of expression.

184.    Plaintiff alleges that defendants RAYMOND W. KELLY; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN

MURPHY violated her right to freedom of expression.

185.    Defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY through

the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps

Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

186.     As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

**COUNT XXII**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

187.     Plaintiff re-alleges paragraphs 1 through 186 and incorporates them by reference as paragraphs 1 through 186 of Count XXII of this Complaint.

188.     New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.  The same legal standards that apply to Title VII claims apply to claims brought under this law.

**COUNT XXIII**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

189.     Plaintiff re-alleges paragraphs 1 through 188 and incorporates them by reference as paragraphs 1 through 188 of Count XXIII of this Complaint.

190.     New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XXIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

191.    Plaintiff re-alleges paragraphs 1 through 190 and incorporates them by reference as paragraphs 1 through 190 of Count XXIV of this Complaint.

192.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

193.    Plaintiff re-alleges paragraphs 1 through 192 and incorporates them by reference as paragraphs 1 through 192 of Count XXV of this Complaint.

194.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXVI
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

195.     Plaintiff re-alleges paragraphs 1 through 194 and incorporates them by reference as paragraphs 1 through 194 of Count XXVI of this Complaint.

196.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

197.     Plaintiff re-alleges paragraphs 1 through 196 and incorporates them by reference as paragraphs 1 through 196 of Count XXVII of this Complaint.

198.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

199.     Plaintiff re-alleges paragraphs 1 through 198 and incorporates them by reference as paragraphs 1 through 198 of Count XXVIII of this Complaint.

200.     The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

44

basis of gender and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

**COUNT XXIX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-502**

201.    Plaintiff re-alleges paragraphs 1 through 200 and incorporates them by reference as paragraphs 1 through 200 of Count XXIX of this Complaint.

202.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, gender and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

**JURY TRIAL**

203.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

45

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants jointly and severally, in an amount to be determined at trial, plus any and all available

statutory remedies, both legal and equitable, and interests and costs.

Dated:        Lake Success, N.Y.
              December 15, 2006


                              Respectfully submitted,

                              By: _____
                                  Eric Sanders (ES0224)

                              Jeffrey L. Goldberg, P.C.
                              Attorneys for Plaintiff
                              2001 Marcus Avenue, Suite S10
                              Lake Success, NY 11042
                              516-775-9400