UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

UNA MCGEOUGH

                              Plaintiff,

            -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; RAFAEL PINEIRO, Chief, Personnel Bureau;
GEORGE W. ANDERSON, Deputy Chief, Executive Officer,
Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief,
Employee Relations Section; CHARLES MICHAEL MARTINEZ,
Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY,
Sergeant, Counseling Services Unit; SUZANNE GIMBLET,
Detective, Counseling Services Unit; VIVIAN MURPHY,
Counseling Services Unit; PETER HAMMER, Sergeant,
Manhattan Warrants Squad; JOHN SULLIVAN, Detective,
Manhattan Warrants Squad; JOHN ROMANO, Detective,
Manhattan Warrants Squad, each being sued individually
and in their official capacities as employees of the Police
Department City of New York; LONG ISLAND CENTER
FOR RECOVERY INC., and its agents; JACK HAMILTON,
President and Chief Executive Officer, Long Island Center for
Recovery Inc., being sued in his individual and official
capacity as an employee of the Long Island Center for Recovery
Inc., and its agents.

                              Defendants'.

--------------------------------------------------------------------------------X

Jury Trial Demand

Amended Complaint

06 CV 6732 (SJ)(RML)

Judge Sterling Johnson

        The plaintiff UNA MCGEOUGH, by her attorneys, Jeffrey L. Goldberg, P.C., as and for her

complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; RAFAEL

PINEIRO;  GEORGE  W.  ANDERSON;  MICHAEL  P.  O'NEILL;  CHARLES  MICHAEL

MARTINEZ;  DANIEL  SWEENEY;  SUZANNE  GIMBLET;  VIVIAN  MURPHY;  PETER

HAMMER;  JOHN  SULLIVAN;  JOHN  ROMANO;  LONG  ISLAND  CENTER  FOR

RECOVERY INC., its agents; and JACK HAMILTON, respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff UNA MCGEOUGH, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of her civil and constitutional rights as a result of the defendants' racketeering activities, sexual harassment, gender and disability discrimination.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in her business or property by reason of a violation of section 1962, may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

(d)      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the

basis of gender;

(e)    Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

(f)    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(g)    the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights; and

(h)    the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.    The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Aiding and Abetting; Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## **PLAINTIFF**

5.    Plaintiff is a female citizen of the United States of America and is over twenty-one

(21) years of age, a resident of the county of New York and is an employee of defendant THE CITY

OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department

City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation

defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

### DEFENDANTS'

6.       Defendant CITY was and is a municipal corporation organized and existing under

and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer,

with its central offices in the county of New York, and diverse other offices and facilities

throughout the State of New York.

7.       Defendant CITY is an employer within the definitions contained in 42 U.S.C. §

12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting

commerce.

8.       RAYMOND W. KELLY, Police Commissioner; RAFAEL PINEIRO, Chief,

Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel

Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES

MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY,

Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services

Unit; VIVIAN MURPHY, Counseling Services Unit; PETER HAMMER, Sergeant, Manhattan

Warrants Squad; JOHN SULLIVAN, Detective, Manhattan Warrants Squad; JOHN ROMANO,

Detective, Manhattan Warrants Squad, each being sued individually and in their official

capacities as employees of the Police Department City of New York.

9.       Defendant LONG ISLAND CENTER FOR RECOVERY and its agents

(hereinafter referred to collectively as LICR) was formed in accordance with the laws of New York. LICR located in Suffolk County, New York, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

10.     Defendant JACK HAMILTON, President and Chief Executive Officer, being sued individually and in his official capacity as an employee of LICR.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1871 or the United States Constitution.

13.     On or about July 24, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.     On or about October 2, 2006, plaintiff received a Dismissal and Notice of Right to Sue from the United States Department of Justice.

## BACKGROUND

15.     Plaintiff is a female Sergeant who is currently employed by defendant CITY, more specifically the NYPD, and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

16.     Plaintiff was appointed to the NYPD in or around April 1997.

17.     Plaintiff alleges that in or around February 2001, she was transferred to the Manhattan Warrants Squad and has worked in the squad for approximately four (4) years.

18.     Plaintiff alleges that in or around 2004, she was in charge of managing the

finances for the Club account.

19.     Plaintiff alleges that in or around 2005, defendants' JOHN SULLIVAN and JOHN ROMANO began to assist her with managing the Club account.

20.     Plaintiff alleges that shortly thereafter, she commenced the process of turning over control of Club finances to defendants' JOHN SULLIVAN and JOHN ROMANO, which included closing the Club Bank account held in her name.

21.     Plaintiff alleges that while conducting an audit of the Club finances, she discovered that there was a discrepancy in the account.

22.     Plaintiff alleges that upon further investigation it was determined that the discrepancy was due to a third party vendor failing to cash a check.

23.     Plaintiff alleges that defendants' JOHN SULLIVAN and JOHN ROMANO accused her of stealing funds from the Club Bank account.

24.     Plaintiff alleges that shortly thereafter, she was subjected to discriminatory behavior by defendants' JOHN SULLIVAN and JOHN ROMANO.

25.     Plaintiff alleges that on numerous occasions, whenever she reported to work, she would find her desk in disarray.

26.     Plaintiff alleges that on numerous occasions, she would find lewd messages written on her desk that were created with newspaper cut-outs.

27.     Plaintiff alleges that on numerous occasions, whenever she reported to work, she would find her desk drawers open with photographs of male genitals inside.

28.     Plaintiff alleges that on numerous occasions, whenever she reported to work, she would find her desk decorations, consisting of farm animals, positioned to simulate sexual acts.

29.     Plaintiff alleges that on one occasion, she found her bullet resistant vest on the

floor by her desk with footprints and rollover marks from the desk chair on it.

30.    Plaintiff alleges that in or around January 2005, she complained to her supervisor, Sgt. Irene Iovy, regarding the hostile work environment and sexual harassment she was experiencing at the hands of defendants' JOHN SULLIVAN and JOHN ROMANO.

31.    Plaintiff alleges that upon information and belief, Sergeant Irene Iovy personally investigated her claims.

32.    Plaintiff alleges that upon information and belief, Sergeant Irene Iovy never notified the Office of Equal Employment Opportunity.

33.    Plaintiff alleges that Sergeant Irene Iovy interviewed defendants' JOHN SULLIVAN and JOHN ROMANO regarding the alleged misconduct and they admitted that they were responsible for the unlawful conduct described in the aforementioned paragraphs.

34.    Plaintiff alleges that after Sergeant Irene Iovy's discussion with defendant PETER HAMMER, he agreed to transfer her into his squad.

35.    Plaintiff alleges that shortly thereafter, she was transferred into defendant PETER HAMMER's squad.

36.    Plaintiff alleges that she was the only female working with five (5) males.

37.    Plaintiff alleges that while assigned to defendant PETER HAMMER's squad, she also encountered a hostile work environment against women.  Specifically, her male colleagues would refuse to partner up with her to go out and serve warrants.  As a result, she was always forced to partner up with the defendant.

38.    Plaintiff alleges that in or around February 2005, she complained to defendant PETER HAMMER regarding the hostile work environment she was experiencing.

39.    Plaintiff alleges that in or around Fall 2004, her mother had been diagnosed with

breast cancer.  Although she was already emotionally distressed about her mother's illness, her emotional distress was exacerbated by the continued sexual harassment and hostile work environment she was experienced at the Manhattan Warrants Squad.

40.    Plaintiff alleges that shortly thereafter, Sergeant Irene Iovy, Sergeant Buscell and other higher-ranked individuals within the NYPD approached her and recommended that she seek psychological counseling.

41.    Plaintiff alleges that in or around December 2005, she decided to request a transfer out of the Manhattan Warrants Squad because of the hostile work environment.

42.    Plaintiff alleges that in or around January 2006, she called into the NYPD Sick Desk and requested to take an emergency sick day because she could not come into work because of the hostile work environment she was experiencing.

43.    Plaintiff alleges that shortly thereafter, Sergeant Irene Iovy visited her residence and gave her a telephone number for a psychologist.

44.    Plaintiff alleges that on or about April 8, 2005, at approximately 4:30 a.m., upon her arrival at work, defendant PETER HAMMER ordered her to go into the female locker room and wait for further instructions.  The defendant also requested her office keys, shield and identification card.

45.    Plaintiff alleges that she waited in the ladies locker room for three to four hours.

46.    Plaintiff alleges that defendant PETER HAMMER was awaiting the response of the DEA delegate who was his close friend to come into work.

47.    Plaintiff alleges that defendant PETER HAMMER wanted this specific DEA delegate because he wanted to refer her to the NYPD Counseling Services Unit.

48.    Plaintiff alleges that defendant PETER HAMMER wanted this specific DEA

delegate because he did not want to face any resistance or conflict from DEA Delegate Detective James Zicarri.

49.     Plaintiff alleges that shortly thereafter, she was ordered to report to the Counseling Services Unit and met with defendants' DANIEL SWEENEY and VIVIAN MURPHY.

50.     Plaintiff alleges that during the meeting, she was told that she "[stunk] of alcohol."

51.     Plaintiff alleges that defendants' DANIEL SWEENEY and VIVIAN MURPHY requested her permission to contact family and friends but, she did not give them her consent.

52.     Plaintiff alleges that during the meeting, she was told that she had a "drinking problem."

53.     Plaintiff alleges that when she asked defendants' DANIEL SWEENEY and VIVIAN MURPHY how they drew that conclusion and they responded that is based upon her "non-cooperation" with regard to granting them consent to contact her family and friends.

54.     Plaintiff alleges that she was also told that defendant PETER HAMMER believed that she had an alcohol abuse problem.

55.     Plaintiff was presented with an ultimatum: either voluntarily admit yourself into an inpatient alcohol rehabilitation program or face suspension without pay or benefits.

56.     Plaintiff alleges that when she consulted with DEA Delegate Detective Zicarri, he advised her to "voluntarily" admit herself into an inpatient alcohol treatment program because of the ramifications if she did not do so.

57.     Based on DEA Delegate Detective Zicarri's advice, she reluctantly "voluntarily" admitted herself into an inpatient alcohol treatment program.

58.    Plaintiff alleges that she was escorted by a member of the Counseling Services Unit to her residence in order to pack some belongings.

59.    Plaintiff alleges that on or about April 8, 2005, she was admitted into the inpatient alcohol treatment program of defendant LICR owned and managed by defendant JACK HAMILTON.

60.    Plaintiff alleges that during her stay at defendant LICR, she was informed on numerous occasions by medical personnel that she did not belong there nor did she have problems with alcohol.

61.    Plaintiff alleges that she remained at defendant LICR for twenty-eight (28) days.

62.    Plaintiff on or about May 6, 2005, she completed the program at defendant LICR and was released.

63.    Plaintiff alleges that on or about May 7, 2005, she was returned back to work in a modified duty status.

64.    Plaintiff alleges that she was required by the Counseling Services Unit to attend mandatory Alcoholics Anonymous meetings.

65.    Plaintiff alleges that she was required by the Counseling Services Unit to attend mandatory meetings at the Counseling Services Unit.

66.    Plaintiff alleges that she was required to attend mandatory treatment with a psychologist.

67.    Plaintiff alleges that upon return to work, defendant DANIEL SWEENEY told her not to tell her family and friends about her admission to defendant LICR because since she is "beautiful girl" they would not believe that she was an alcoholic.

68.    Plaintiff alleges that in or around July 21, 2005, she was restored back to full duty

status.

69.     Plaintiff alleges that in or around December 2005, she was promoted to Sergeant.

70.     Plaintiff alleges that shortly thereafter, she was assigned to the Basic Management Operations Course (BMOC).

71.     Plaintiff alleges that while assigned to BMOC she was notified by the Counseling Services Unit that it was mandatory that she attend the "Christmas Party."

72.     Plaintiff alleges that while assigned to BMOC members of the Counseling Services Unit came in and spoke to the class.

73.     Plaintiff alleges that they mentioned that they were successful at "taking care of people" and that "someone here completed the program successfully."

74.     Plaintiff alleges that in or around June 2006, she was transferred into the Internal Affairs Bureau.

75.     Plaintiff alleges that on or about December 12, 2006, she was notified by defendant DANIEL SWEENEY that she was required to attend this year's Counseling Services Unit "Christmas Party."

76.     Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

77.     Plaintiff alleges that from April 8, 2005, until this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL;

CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and

VIVIAN MURPHY has violated her civil rights as well as other similarly situated employees

regarded as disabled employees due to chronic alcohol dependency although there were no

changes in their level of job performance.

78.     Plaintiff alleges that from April 8, 2005, until this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other

members of the Medical Division, Employee Relations Section and the Counseling Services Unit

to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights

to restrict the release of their personal medical records under the threat of suspension and/or

termination.  Defendants' CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY;

SUZANNE GIMBLET; and  VIVIAN MURPHY as well as other members of the Medical

Division, Employee Relations and the Counseling Services Unit then also refused to allow

plaintiff as well as other similarly situated employees to view the contents their own case folders.

79.     Plaintiff alleges that from April 8, 2005, until  this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other

members of the Medical Division, Employee Relations Section and the Counseling Services Unit

to coerce plaintiff as well as other similarly situated employees under the threat of suspension

and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal

counsel.

80.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

81.    Plaintiff alleges that from April 8, 2005,defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

82.    Plaintiff alleges that from April 8, 2005, until  this day, that she and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant LICR when defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit knew that they could not be medically and/or

ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission.

83.     Plaintiff further alleges that defendants' DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or directly to the plaintiff.  The billing method depended on whether or not the insurance carrier denied the claim.  Upon information and belief defendant LICR knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

84.     Plaintiff alleges that from April 8, 2005, until  this day, defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR without medical necessity.  Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit

organizations such as Aetna US Healthcare, the Red Cross, the New York City Police

Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

85.     Plaintiff alleges that from April 8, 2005, until  this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other

members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as

other similarly situated employees to inpatient residential and outpatient alcohol treatment

programs under the threat of suspension and/or termination.

86.     Plaintiff alleges that from April 8, 2005, until this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other

members of the Counseling Services Unit to force plaintiff as well as other similarly situated

employees into inpatient residential and outpatient alcohol treatment programs.  Plaintiff alleges

that the Counseling Services Unit would make referrals to inpatient residential and outpatient

alcohol treatment programs although there were no findings of chronic alcohol abuse.  Plaintiff

alleges that such referrals were solely for the financial benefit of defendants' DANIEL

SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the

Counseling Services Unit; and LICR.  Upon information and belief, defendant SUZANNE

GIMBLET maintains a log to track referrals made to the various programs for the defendant's

financial gain.

87.     Plaintiff alleges that from April 8, 2005, until  this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the

Counseling Services Unit to retain employees who are not only uncertified but, use the same

inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing

education credits to fulfill OASAS credentialing requirements although they did not attend any

classes or study any of the course material.

88.    Plaintiff alleges that from April 8, 2005, until this day, defendants' RAYMOND

W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and

CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants'

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other

members of the Counseling Services Unit to refer plaintiff as well as other similarly situated

employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat

of suspension and/or termination without offering alternative programs in violation of the

Establishment Clause of the First Amendment of the United States Constitution.

89.    On or about April 8, 2005, until this day, plaintiff and similarly situated

employees are being forced to continue being monitored by the Counseling Services Unit under

threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis

and Random Home Visits.    Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINEIRO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY continues to utilize the

services of defendant LICR who act in collusion to continue this violative pattern and practice of

discrimination.

90.    Plaintiff alleges that on or about April 8, 2005, she was forced to join defendant

LICR under the threat of suspension and/or termination by agents of the Counseling Services Unit. Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

91.    Based on the foregoing, plaintiff feels that her rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

92.    Plaintiff re-alleges paragraphs1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count I of this Complaint.

93.    This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

94.    As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON have conspired to violate 18 U.S.C. § 1962(c).

95.    As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering

activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

96.     Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

**COUNT II**
**RACKEETEERING ACTIVITY**
**IN VIIOLATION OF**
**THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT**

97.     Plaintiff re-alleges paragraphs 1 through 96 and incorporates them by reference as paragraphs 1 through 96 of Count II of this Complaint.

98.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

99.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

100.    As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

101.    Accordingly, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

## COUNT III
### INJUNCTIVE AND DECLARATORY RELIEF UNDER THE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

102.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count III of this Complaint.

103.    This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

104.    As set forth in plaintiff's Count I and II and in this Amended Complaint, defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

105.    As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

106.    Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK AHMILTON from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
### AIDING AND ABETTING
### BREACH OF FIDICUARY DUTY

107.    Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference

as paragraphs 1 through 106 of Count IV of this Complaint.

108.    As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON.

109.    Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

110.    Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

111.    Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON's breach.

112.    Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

113.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference

as paragraphs 1 through 112 of Count V of this Complaint.

114.    Defendants' DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations.  These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

**COUNT VI**
**SEXUAL HARASSMENT and GENDER DISCRIMINATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

115.    Plaintiff re-alleges paragraphs 1 through 114 and incorporates them by reference as paragraphs 1 through 114 of Count VI of this Complaint.

116.    Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment in violation of 42 U.S.C. § 2000e-2.

117.    As part of its pattern and practice of employment discrimination defendant CITY through its agents treated plaintiff in a manner indicative of sexual harassment and gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

118.    The failure of defendant CITY through its agents failed to thoroughly investigate plaintiff's allegations of sexual harassment and gender discrimination.

119.    Defendant CITY knew or should have known about the sexual harassment and gender discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

120.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender discrimination in a clear demonstration of bad faith.

121.    That as a result of the discriminatory acts of defendant CITY through its agents plaintiff suffered depression and anxiety.

122.    Defendant acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about 2004, until this day.

123.    As a result of the acts of defendant under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VII**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

124.    Plaintiff re-alleges paragraphs 1 through 123 and incorporates them by reference as paragraphs 1 through 123 of Count VII of this Complaint.

125.    Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against plaintiff as a result of her opposition to sexual harassment and gender discrimination and as a result of her filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

126.    That as a result of the illegal acts of defendant CITY through its agents, plaintiff suffered depression and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

127.    Plaintiff re-alleges paragraphs 1 through 126 and incorporates them by reference as paragraphs 1 through 126 of Count VIII of this Complaint.

128.    Plaintiff alleges that defendant CITY through its agents engaged in various severe and hostile actions towards plaintiff as a result of her opposition to sexual harassment and gender discrimination and as a result of her filing such complaints with the NYPD and the EEOC.

129.    That as a result of the severe and hostile acts of the defendant CITY through its agents plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

130.    Plaintiff re-alleges paragraphs 1 through 129 and incorporates them by reference as paragraphs 1 through 129 of Count IX of this Complaint.

131.    At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

132.    Defendant CITY through its agents failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

133.    Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

134.    Plaintiff re-alleges paragraphs 1 through 133 and incorporates them by reference as paragraphs 1 through 133 of Count X of this Complaint.

135.    Plaintiff alleges that defendant CITY through its agents engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants' for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

136.    That as a result of the illegal retaliatory acts of defendant CITY through its agents plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

137.    Plaintiff re-alleges paragraphs 1 through 136 and incorporates them by reference as paragraphs 1 through 136 of Count XI of this Complaint.

138.    Plaintiff alleges that defendant CITY through its agents engaged in various severe and hostile actions towards her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants' for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

139.    That as a result of the severe and hostile acts of defendant CITY through its agents plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XII
## SEXUAL HARASSMENT and GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

140.    Plaintiff re-alleges paragraphs 1 through 139 and incorporates them by reference as paragraphs 1 through 139 of Count XII of this Complaint.

141.    Defendants' PETER HAMMER; JOHN SULLIVAN; and JOHN ROMANO under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

142.    Defendants' PETER HAMMER; JOHN SULLIVAN; and JOHN ROMANO acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff, an Caucasian female, was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

143.    Defendants' in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of gender discrimination in the workplace.

144.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

145.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004, until this day.

146.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

147.    Plaintiff re-alleges paragraphs 1 through 146 and incorporates them by reference as paragraphs 1 through 146 of Count XIII of this Complaint.

148.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

149.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

150.    Defendants' in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

151.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

152.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about April 8, 2005, until this day.

153.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

154.    Plaintiff re-alleges paragraphs 1 through 153 and incorporates them by reference as paragraphs 1 through 153 of Count XIV of this Complaint.

155.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN and JOHN ROMANO under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

156.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN and JOHN ROMANO acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from

unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

157.    Defendants' in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

158.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

159.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004, until this day.

160.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

161.    Plaintiff re-alleges paragraphs 1 through 160 and incorporates them by reference as paragraphs 1 through 160 of Count XV of this Complaint.

162.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN and JOHN ROMANO under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her

grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

163.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; JOHN SULLIVAN and JOHN ROMANO acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

164.    Defendants' in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

165.    Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

166.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about 2004, until this day.

167.    As a result of the acts of the defendants' under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVI
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

168.    Plaintiff re-alleges paragraphs 1 through 167 and incorporates them by reference as paragraphs 1 through 167 of Count XVI of this Complaint.

169.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

170.    That by the improper and illegal confinement of plaintiff at defendant LICR under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and acting in their capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly

omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

171.    That by the improper and illegal confinement of plaintiff at defendant LICR acting in collusion with defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

172.    That the purpose of defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; LICR and JACK HAMILTON in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

173.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

174.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights.

### COUNT XVII
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

175.    Plaintiff re-alleges paragraphs 1 through 174 and incorporates them by reference as paragraphs 1 through 174 of Count XVII of this Complaint.

176.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; LICR and JACK HAMILTON acting individually and in their official capacities as public officials of defendant CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

177.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from

unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

178.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; PETER HAMMER; LICR and JACK HAMILTON acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

179.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

**COUNT XVIII**
**FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM**
**IN VIOLATION OF THE ESTABLISHMENT CLAUSE**
**OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

180.    Plaintiff re-alleges paragraphs 1 through 179 and incorporates them by reference as paragraphs 1 through 179 of Count XVIII of this Complaint.

181.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

182.    Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY violated her right to freedom of expression.

183.    Defendants' RAYMOND W. KELLY; RAFAEL PINEIRO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY through the Counseling Services

Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based

Alcohol Anonymous Program under the threat of suspension and/or termination.

184.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional

distress, physical illness, and monetary damages.

## COUNT XIX
## SEXUAL HARASSMENT and GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

185.    Plaintiff re-alleges paragraphs 1 through 184 and incorporates them by reference

as paragraphs 1 through 184 of Count XIX of this Complaint.

186.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of

sexual harassment and gender.

## COUNT XX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

187.    Plaintiff re-alleges paragraphs 1 through 186 and incorporates them by reference

as paragraphs 1 through 186 of Count XX of this Complaint.

188.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of

disability.

## COUNT XXI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

189.    Plaintiff re-alleges paragraphs 1 through 188 and incorporates them by reference

as paragraphs 1 through 188 of Count XXI of this Complaint.

190.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sexual harassment, gender and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

**COUNT XXII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

191.    Plaintiff re-alleges paragraphs 1 through 190 and incorporates them by reference as paragraphs 1 through 190 of Count XXII of this Complaint.

192.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sexual harassment, gender and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, sexual harassment, gender and disability discrimination are encouraged and/or tolerated.

**COUNT XXIII**
**SEXUAL HARASSMENT and GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

193.    Plaintiff re-alleges paragraphs 1 through 192 and incorporates them by reference as paragraphs 1 through 192 of Count XXIII of this Complaint.

194.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sexual harassment and gender.

**COUNT XXIV**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

195.     Plaintiff re-alleges paragraphs 1 through 194 and incorporates them by reference as paragraphs 1 through 194 of Count XXIV of this Complaint.

196.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

**COUNT XXV**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

197.     Plaintiff re-alleges paragraphs 1 through 196 and incorporates them by reference as paragraphs 1 through 196 of Count XXV of this Complaint.

198.     The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sexual harassment, gender and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

**COUNT XXVI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-502**

199.     Plaintiff re-alleges paragraphs 1 through 198 and incorporates them by reference as paragraphs 1 through 198 of Count XXVI of this Complaint.

200.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sexual harassment, gender and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, sexual harassment, gender and disability discrimination are encouraged and/or tolerated.

## JURY TRIAL

201.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants' jointly and severally, in an amount to be determined at trial, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:     Lake Success, N.Y.
           January 29, 2007


                         Respectfully submitted,

                         By: _____
                              Eric Sanders (ES0224)

                         Jeffrey L. Goldberg, P.C.
                         Attorneys for Plaintiff
                         2001 Marcus Avenue, Suite S160
                         Lake Success, NY 11042
                         516-775-9400